## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| JOSHUA R. MICHAEL, | ) | |
| HILLARY A. MICHAEL, and | ) | |
| WILLIAM T. RUSSELL, | ) | |
| *Individually and as Trustee of the* | ) | |
| *William T. Russell Inter Vivos Trust* | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action File No.: |
| | ) | 3:19-cv-00019-CDL |
| v. | ) | |
| | ) | |
| GRP MADISON LLC, | ) | |
| GEORGIA RENEWABLE POWER LLC, | ) | |
| and GREENFUELS ENERGY LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER OF DEFENDANTS GRP MADISON LLC, GEORGIA RENEWABLE POWER LLC AND GREENFUELS ENERGY LLC

COME NOW, Defendants GRP Madison LLC, Georgia Renewable Power LLC and Greenfuels Energy LLC (Defendants) and, responding to the Complaint for Civil Penalties, Injunctive Relief, Damages and Attorneys' Fees and Expenses of Litigation (Complaint) of Joshua R. Michael, Hillary A. Michael and William T. Russell, Individually and as Trustee of the William T. Russell Inter Vivos Trust (Plaintiffs), show the Court the following:

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' fail to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

### THIRD DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of latches.

### FOURTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants' activities have been in accordance with the applicable laws and regulations, and ordinary skill, prudence, diligence and any other applicable standards of care.

### FIFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the failure to join indispensable parties.

### SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of comparative and contributory negligence.

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that the acts and/or omissions of persons or entities other than Defendants, over whom Defendants have no control, were intervening, contributing or superseding causes of the violations or the damages alleged by Plaintiffs.

## EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that Defendants' conduct was not the cause in fact or proximate cause of the violations or the damages alleged by Plaintiffs.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's requested relief is for damages that resulted from Plaintiffs' own acts, omissions, conduct or preconditions.

## TENTH DEFENSE

Plaintiff's claims are barred by failure to mitigate its alleged damages.

## ELEVETH DEFENSE

Neither federal nor state law claimed as a basis for this action provides for the imposition of joint and several liability in this case. Accordingly, Defendants cannot be held jointly and severally liable for any allegations or damages.

## TWELFTH DEFENSE

Defendants hereby reserve the right to amend this Answer to assert any defense that may become available or appear during discovery based upon a determination of the fact or law applicable to this action.

## THIRTEENTH DEFENSE

Any and all allegations of the Complaint that are not specifically admitted are denied.

Defendants specifically respond to each of Plaintiffs' enumerated allegations as follows:

1.     The nature of this action including legal basis, claims and damages are as set forth in the Complaint.

2.     The nature of this action including legal basis, claims and damages are as set forth in the Complaint.

3.     Defendants admit that GRP Madison LLC acquired the GRP Madison Facility, which is an approximately 54.39-acre parcel, in 2015.  Defendants deny that Figure 1 is an accurate or to scale presentation of the GRP Madison Facility. Defendants deny that Figure 1 shows the complete property of GRP Madison LLC. Defendants deny that Figure 2 is an accurate or to scale presentation of waters and point sources on the properties of Plaintiffs.

4.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

5.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

6.    Admitted.

7.    Admitted.

8.    Admitted.

9.    Admitted.

10.    Admitted.

11.    Denied.

12.    Defendants respond to this allegation by stating that the terms "alter ego and/or business conduit" are legal conclusions to which no response is required. Defendants specifically deny any allegation that any one of the Defendants is responsible, legally or otherwise, for the actions of any other of the Defendants.

13.    Defendants respond to this allegation by stating that the Notice Letter speaks for itself.

14.    Defendants respond to this allegation by stating that the Notice Letter speaks for itself.

15.    Denied.

16.    Admitted.

17.     Admitted.

## STATUTORY AND REGULATORY BACKGROUND

## I. The Clean Water Act.

18.     Defendants respond to this allegation by stating that the provisions of the

Clean Water Act (CWA) speak for themselves.

19.     Defendants respond to this allegation by stating that the provisions of the

Clean Water Act (CWA) speak for themselves.

20.     Defendants respond to this allegation by stating that the provisions of the

Clean Water Act (CWA) speak for themselves.

21.     Defendants respond to this allegation by stating that the provisions of the

Clean Water Act (CWA) speak for themselves.

22.     Defendants respond to this allegation by stating that the provisions of the

Clean Water Act (CWA) speak for themselves.

23.     Defendants respond to this allegation by stating that the provisions of the

Clean Water Act (CWA) speak for themselves.

24.     Defendants respond to this allegation by stating that the provisions of the

Clean Water Act (CWA) speak for themselves.

25.     Defendants respond to this allegation by stating that the provisions of the

Clean Water Act (CWA) speak for themselves.

## II. NPDES Construction and Industrial Stormwater General Permits.

26.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

27.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

28.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

29.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

30.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

31.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

32.      Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

33.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

34.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

35.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

36.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

37.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

38.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

39.     Defendants respond to this allegation by stating that the provisions of the Georgia Water Quality Control Act (GWQCA) speak for themselves.

## FACTUAL BACKGROUND

40.     Defendants admit that the GRP Madison Facility is adjacent to the Plaintiffs' properties and that stormwater runoff from the GRP Madison Facility is discharged from outfalls to these properties.  Defendants are without sufficient information to admit or deny whether the GRP Madison Facility "drains to ponds and tributaries of Beaverdam Creek on the Russell Farm and Michael Farm that are "water of the United States" under the CWA; therefore, said allegations are denied.

41.     Defendants admit that Beaverdam Creek is on the EPD list of "impaired streams" under the CWA but state that the stream section adjacent to the properties of the Plaintiffs in not part of that listing.

42.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

43.     Denied.   Defendants specifically deny that acquisition and construction activities are conducted by all Defendants.

44.     Denied.   Defendants specifically deny that construction activities were conducted by all Defendants.

45.     Defendants admit that a water line has been constructed along the length of Office Drive that supports functioning of the water tank at the GRP Madison Facility.   Defendants deny that any of this construction work was conducted by Defendants or that the work was conducted on the property of the GRP Madison Facility, and state that this work was conducted by Madison County and in the County right of way of Office Drive.

46.     Denied. Defendants further respond to this allegation by stating that the GRP Madison Facility has not been covered as an NPDES Industrial Stormwater General Permit, as such a permit is not applicable to the construction activities that have been and continue to be conducted at the GRP Madison Facility.

47.     Admitted.

48.     Defendants respond to this allegation by stating that the NOI submitted in April 2018 speaks for itself.

49.     Defendants respond to this allegation by stating that the NOI submitted in April 2018 speaks for itself.

50.     Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Defendants admit that EPD conducted an inspection of the GRP Madison Facility on January 10, 2019 and prepared an Inspection Report indicating its findings. Defendants respond to this allegation by stating that the Inspection Report speaks for itself. Defendants deny that Defendants activities at that time, including any noted deficiencies, resulted in any discharges of sediment or damages to the properties of Plaintiffs.

62. Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

63. Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

64.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

65.    Defendants admit that construction activity on the GRP Madison Facility is ongoing and a Notice of Termination has not been submitted to EPD. Defendants deny that a Notice of Termination needs to be submitted at this time.

66.    Denied.

67.    Denied.

68.    Denied.

69.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

70.    Denied.

71.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

72.    Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

73.    Denied.

74.    Denied.

75.    Denied.

76.    Denied.

77.    Denied.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### (Ongoing Violations of Sections 301 and 402 of the Clean Water Act)

78.     Defendant restates and incorporates by reference, as if fully rewritten in their

entirety, the responses contained in Paragraphs 1 through 77 herein.

79.     Denied.

### SECOND CLAIM FOR RELIEF
### (Violation of Riparian Rights)

80.     Defendant restates and incorporates by reference, as if fully rewritten in their

entirety, the responses contained in Paragraphs 1 through 79 herein.

81.     Denied.

82.     Denied.

### THIRD CLAIM FOR RELIEF
### (Trespass)

83.     Defendant restates and incorporates by reference, as if fully rewritten in their

entirety, the responses contained in Paragraphs 1 through 82 herein.

84.     Denied.

85.     Denied.

### FOURTH CLAIM FOR RELIEF
### (Nuisance)

86.     Defendant restates and incorporates by reference, as if fully rewritten in their

entirety, the responses contained in Paragraphs 1 through 82 herein.

87.    Denied.

88.    Denied.

## FIFTH CLAIM FOR RELIEF
### (Negligence)

89.    Defendant restates and incorporates by reference, as if fully rewritten in their entirety, the responses contained in Paragraphs 1 through 87 herein.

90.    Defendants respond to this allegation by stating that the cited provision of Georgia law speaks for itself.

91.    Defendants respond to this allegation by stating that the allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they have failed to properly design, install, and maintain BMPs during the construction of the Facility.

92.    Defendants respond to this allegation by stating that the allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that they have adulterated tributaries of Beaverdam Creek so as to interfere with the enjoyment of them by, or lessen their value to, the Plaintiffs.

93.    Denied.

94.    Denied.

## SIXTH CLAIM FOR RELIEF
### (Negligence Per Se)

95.     Defendant restates and incorporates by reference, as if fully rewritten in their entirety, the responses contained in Paragraphs 1 through 94 herein.

96.     Defendants respond to this allegation by stating that these allegations are legal conclusions to which no response is required. To the extent a response is required, Defendants deny that their actions violated and continue to violate any statutes including Sections 301 and 402 of the CWA and O.C.G.A. §§ 44-8-1 and 51-9-7.

97.     Denied.

98.     Defendants are without sufficient information to admit or deny the allegations contained in this paragraph of the Complaint; therefore, said allegations are denied.

99.     Defendants respond to this allegation by stating that these allegations are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that their actions violated any statutes.

100.    Defendants respond to this allegation by stating that these allegations are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny that their actions violated any statutes and that such violations breached duties owed to Plaintiffs.

101.    Defendants respond to this allegation by stating that these allegations are legal conclusions to which no response is required.  To the extent a response is

required, Defendants deny that there are cognizable damages to the farms of Plaintiffs.

## SEVENTH CLAIM FOR RELIEF
### (Punitive Damages)

102.   Defendant restates and incorporates by reference, as if fully rewritten in their entirety, the responses contained in Paragraphs 1 through 101 herein.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

## EIGHTH CLAIM FOR RELIEF
### (Attorneys' Fees and Expenses of Litigation)

108.   Defendant restates and incorporates by reference, as if fully rewritten in their entirety, the responses contained in Paragraphs 1 through 107 herein.

109.   Denied.

110.   Denied.

111.   Denied.

WHEREFORE, Defendants respectfully request that this Honorable Court grant the following relief:

(a)     That this action by Plaintiffs be dismissed as to Defendants for the reasons stated above;

(b)     That judgment be entered in favor of Defendants on all issues, including liability under federal and state law claims, penalty, damages, injunctive relief and attorney's fees sought by Plaintiffs against Defendants;

(c)     That, if judgment is entered in favor of Plaintiffs on any of the federal and/or state law claims, Defendants be responsible only for their proportionate share of liability for any and all past expenses, fees, costs or damages incurred by Plaintiffs; and

(d)     That Defendant be granted a trial by jury on all issues so triable.

Respectfully submitted, this 14th day of March 2019.

Sweetnam & Schwartz, LLC


*s/Edwin S. Schwartz*
Edwin S. Schwartz  - Ga. Bar No. 630137
*Attorney for Defendants*



Sweetnam & Schwartz, LLC
1200 Ashwood Parkway, Suite 190
Atlanta, Georgia  30338

(tel) 470.395.7842
(email) edschwartz@msn.com


Kazmarek Mowrey Cloud Laseter, LLP

*s/Richard A. Horder*
Richard A. Horder  - Ga. Bar No. 366750
*Attorney for Defendants*


Kazmarek Mowrey Cloud Laseter, LLP
1230 Peachtree St. NE, #900
Atlanta, GA 30309
(tel) 404.812.0843
 (email) rhorder@kmcllaw.com

# CERTIFICATION UNDER L.R. 7.1D

Pursuant to the Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendants hereby certifies that the above and foregoing Answer is a computer-generated document prepared in Times New Roman (14 point) font in accordance with Local Rule 5.1C.

So certified this 14th day of March 2019.

Sweetnam & Schwartz, LLC


*s/Edwin S. Schwartz*
Edwin S. Schwartz  - Ga. Bar No. 630137
*Attorney for Defendants*


Sweetnam & Schwartz, LLC
1200 Ashwood Parkway, Suite 190
Atlanta, Georgia  30338
(tel) 470.395.7842
(email) edschwartz@msn.com


Kazmarek Mowrey Cloud Laseter, LLP

*s/Richard A. Horder*
Richard A. Horder  - Ga. Bar No. 366750
*Attorney for Defendants*


Kazmarek Mowrey Cloud Laseter, LLP
1230 Peachtree St. NE, #900
Atlanta, GA 30309
(tel) 404.812.0843
 (email) rhorder@kmcllaw.com

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing ANSWER has

been served upon the following counsel of record by means of the Court's electronic

case filing system:

Donald D.J. Stack, Georgia Bar No. 673735
Tyler J. Sniff, Georgia Bar No. 403125
STACK & ASSOCIATES, P.C.
260 Peachtree Street, Suite 1200
Atlanta, Georgia 30303

This 14th day of March 2019.

Sweetnam & Schwartz, LLC

*s/Edwin S. Schwartz*
Edwin S. Schwartz  - Ga. Bar No. 630137
*Attorney for Defendants*

Sweetnam & Schwartz, LLC
1200 Ashwood Parkway, Suite 190
Atlanta, Georgia  30338
(tel) 470.395.7842
(email) edschwartz@msn.com

Kazmarek Mowrey Cloud Laseter, LLP

*s/Richard A. Horder*
Richard A. Horder  - Ga. Bar No. 366750
*Attorney for Defendants*

Kazmarek Mowrey Cloud Laseter, LLP
1230 Peachtree St. NE, #900
Atlanta, GA 30309
(tel) 404.812.0843
 (email) rhorder@kmcllaw.com