IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| JOSHUA R. MICHAEL,<br>HILLARY A. MICHAEL, and<br>WILLIAM T. RUSSELL,<br>*Individually and as Trustee of the*<br>*William T. Russell Inter Vivos Trust*<br><br>Plaintiffs,<br><br>v.<br><br>GRP MADISON LLC,<br>GEORGIA RENEWABLE POWER LLC, and<br>GREENFUELS ENERGY LLC,<br><br>Defendants. | CIVIL ACTION NO.<br>3:19-CV-00019-CDL |

## CONSENT DECREE AND JUDGMENT

WHEREAS, Plaintiffs Joshua R. Michael, Hillary A. Michael, and William T. Russell (Individually and as Trustee of the William T. Russell Inter Vivos Trust) filed a citizen suit on February 20, 2019 alleging violations of the Clean Water Act ("CWA"), 33 U.S.C. § 1251 et seq. by, and state law claims against, Defendants GRP Madison, LLC, Georgia Renewable Power, LLC, and Greenfuels Energy LLC ("Defendants") related to alleged discharges of sediment, stormwater, and other pollutants from Defendants' construction and development of a biomass power plant ("the Facility") next to Plaintiffs' properties in Madison County, Georgia; and,

WHEREAS, Defendants responded to the citizen suit on March 14, 2019 denying the alleged violations of the CWA and state law claims related to alleged discharges of sediment, stormwater and other pollutants from the Facility; and,

1

WHEREAS, without admission of liability in this matter, which liability has been and continues to be specifically denied, Defendants have worked in good faith with the Plaintiffs to resolve the claims in this case and related issues between the Parties; and,

WHEREAS, since initiation of this litigation, Defendants have completed construction of the Facility and associated stormwater management activities at the Facility, including the Facility's Erosion and Sedimentation Pollution Control ("ESPC") Plan under the National Pollutant Discharge Elimination System Construction Stormwater General Permit ("General NPDES Permit") and Hydrology Study/Stormwater Management Plan; and,

WHEREAS, this action has been stayed since April 24, 2019 so that the Parties could try to negotiate a mutually agreeable resolution; and,

WHEREAS, since the stay was entered, the Parties, with the assistance of their respective consultants, have worked together to resolve the claims in this case, including revisions and further improvements to the Facility's ESPC Plan and Hydrology Study/Stormwater Management Plan, which Defendants have implemented and will continue to implement at the Facility; and,

WHEREAS, the Parties agree that the implementation and continued implementation of the Facility's Revised ESPC Plan as indicated will satisfy all applicable requirements of Defendants under the General Permit and resolve all claims under state law through the date of the approval of this Consent Decree and Judgment; and,

WHEREAS, the Parties have agreed to the entry of this Consent Decree and Judgment to resolve this action; and,

WHEREAS, the Parties have agreed to separate settlement agreements ("Settlement Agreements") to resolve related issues between the Parties including discharges of wastewater from the Facility onto Plaintiffs' properties; and,

WHEREAS, the Parties have given notice of the proposed entry of this Consent Decree and Judgment to the Attorney General of the United States of America and the Administrator and Regional Administrator of the United States Environmental Protection Agency more than 45 days prior to entry of this Consent Decree and Judgment, as required by 33 U.S.C. § 1365(c)(3).

NOW, THEREFORE, with the consent of the Parties, IT IS HEREBY DECREED, ORDERED, AND ADJUDGED as follows:

## I. JURISDICTION AND VENUE

A. For purposes and enforcement of this Consent Decree and Judgment, the Parties to this Consent Decree and Judgment agree that this Court shall have continuing jurisdiction over this matter, the Parties to the Consent Decree and Judgment, any disputes arising out of this Consent Decree and Judgment, and any alleged violations of this Consent Decree and Judgment, until dissolution of this Consent Decree and Judgment.

## II. TERMS OF AGREEMENT

The terms of the Consent Decree and Judgment have been divided into subsections as outlined below:

**A. Clean Water Act Claims**

    i. Defendants shall complete the implementation of the Revised Erosion, Sedimentation and Pollution Control Plan ("Revised ESPC Plan") dated July 25, 2019, which the Parties agree includes Best Management Practices ("BMPs") for the proper control of stormwater containing silt and sediment from the Facility to the properties of

Plaintiffs. In addition to the Revised ESPC Plan, Defendants have, after approval of Plaintiffs, implemented the following measures as improvements to the BMPs to ensure that sediment will not migrate from the Facility to the properties of Plaintiffs:

    a.    Installation of jute matting impregnated with polyacrylamide flocculant at pipe outfalls, over rock check dams and at sediment trap outlets;

    b.    Conversion of the temporary diversion channels to permanent status;

    c.    Increase of the size of the perimeter diversion channels;

    d.    Installation of a series of check dams lined with jute matting with flocculant in the diversion channels;

    e.    Installation and maintenance of drop inlet protection/sediment traps on all interior inlets;

    f.    Removal of stone in diversion channels and replacement with sod to increase infiltration capability of the channels;

    g.    Stabilization of all exposed soils with vegetation in low traffic areas;

    h.    Stabilization of all exposed soils with gravel in high traffic areas;

    i.    Installation of a check dam in the area immediately below the outfall at the northwest corner of the fire water storage pond;

    j.    Addition of rip rap lined channel with jute matting and flocculant in the area of the County channel;

    k.    Installation of a culvert at the fire water storage pond with a series of check dams with jute matting and flocculant; and

    l.  Installation of rock filter dams with jute matting and flocculant at outfalls to Plaintiffs' properties.

  ii.  Defendants shall demonstrate substantial compliance with the Revised ESPC Plan and measures identified in Section II.A.i above until all land disturbance activities cease at the Facility, the disturbed areas reach final stabilization, and a valid Notice of Termination is filed. Final stabilization will be based on the definition in the General NPDES Permit and determined in good faith by qualified consultants for Defendants.

  iii.  Within 30 days of approval of this Consent Decree and Judgment by the Court and execution of the Settlement Agreements by all Parties, Defendants, jointly or severally, shall pay to the U.S. Department of the Treasury or other federal entity designated to accept such funds the sum of **$4,000.** The Parties support this as an appropriate civil penalty considering the compliance and restoration measures agreed to by Defendants.

**B.**  **Final Judgment of State Law Claims**

  i.  As a fair and final judgment of Plaintiff Joshua R. Michael and Hillary A. Michael's state law claims (including attorneys' fees and expenses), it is ordered that Plaintiffs recover from Defendants, and Defendants jointly and severally agree to pay Plaintiffs Joshua R. Michael and Hillary A. Michael, the amount of **$312,500.** The Parties agree that payment of this amount is sufficient to compensate the Michael Plaintiffs for all alleged damages to the Michael Plaintiffs' property under state law in this action and for the Michael Plaintiffs to perform the work the Michael Plaintiffs determine to be necessary to address these alleged damages in this action.

ii. As a fair and final judgment of Plaintiff William T. Russell's (Individually and as Trustee of the William T. Russell Inter Vivos Trust) state law claims (including attorneys' fees and expenses), it is ordered that Plaintiff recovers from Defendants, and Defendants jointly and severally agree to pay Plaintiff William T. Russell, the amount of **$312,500.** The Parties agree that payment of this amount is sufficient to compensate Plaintiff Russell for all Plaintiff Russell's alleged damages to Plaintiff Russell's property under state law in this action and for Plaintiff Russell to perform the work Plaintiff Russell determines to be necessary to address these alleged damages in this action.

iii. Defendants shall pay $100,000 of the foregoing payments upon the filing of this Consent Decree and Judgment. Defendants shall pay the remainder of the foregoing payments on or before February 28, 2020.

iv. Unrelated to any other conditions of settlement stated herein and in exchange for certain easements and licenses to discharge wastewater and stormwater from the Facility onto the Russell Property (the terms of which are specified in the Settlement Agreements), Defendants jointly and severally agree to pay Plaintiff William T. Russell on or before December 31, 2020 the sum of **$225,000.**

v. Defendants shall make all payments under this Section payable to "Stack & Associates, P.C. IOLTA (Attorney-Client Trust) Account" and shall deliver all payments under this Section to Stack & Associates, P.C.

vi. Stack & Associates, P.C. shall hold all payments under this Section in its IOLTA (Attorney-Client Trust) Account and not disburse any such payments until the Court approves the Consent Decree and Judgment and Plaintiff William T. Russell has

executed and delivered to Defendants the licenses and easements agreed to in the Settlement Agreements.

    vii.    If the Court does not approve this Consent Decree and Judgment, Plaintiffs shall return and disgorge any payments received by Defendants back to Defendants.

    viii.    These payment terms in this Consent Decree and Judgment shall operate as a judgment in a civil action under state and federal law and under Federal Rule of Civil Procedure 54 and 58 and shall be entitled to registration.

### III.    DISMISSAL OF CLAIMS

A.    Upon entry of this Consent Decree and Judgment, all claims that were asserted or could have been asserted in this matter against Defendants by Plaintiffs are hereby dismissed with prejudice, although the Court will retain full authority and jurisdiction to administer and enforce the Consent Decree and Judgment.

B.    Upon entry of this Consent Decree and Judgment, the Releases agreed to by Plaintiffs in the Settlement Agreements hereby take effect.

### IV.    DISSOLUTION

A.    This Consent Decree and Judgment shall automatically be dissolved after Defendants have delivered all the payments described herein to Plaintiffs, and Defendants have demonstrated substantial compliance with the Revised ESPC Plan, all land disturbance activities cease at the Facility, the disturbed areas reach final stabilization, and a valid Notice of Termination is filed.  Final stabilization will be based on the definition in the General NPDES Permit and determined in good faith by qualified consultants for Defendants.

## V. APPLICABLE LAWS

A. This Consent Decree and Judgment shall be construed under the laws of the United States and the State of Georgia.

## VI. ENTRY BY CLERK

A. The Court hereby orders and directs the Clerk of the Court to promptly enter and register this Consent Decree and Judgment.

THE FOREGOING Consent Decree and Judgment among Plaintiffs and Defendants is hereby APPROVED this 5th day of December, 2019. The Court hereby orders and directs the Clerk to promptly enter and register this Consent Decree and Judgment.

                                          S/Clay D. Land
                                          CLAY D. LAND, CHIEF JUDGE
                                          UNITED STATES DISTRICT COURT
                                          MIDDLE DISTRICT OF GEORGIA

**PREPARED AND CONSENTED TO BY:**

For Plaintiffs:

**/s/ Tyler J. Sniff**
Donald D.J. Stack
Georgia Bar No. 673735
Tyler J. Sniff
Georgia Bar No. 403125
STACK & ASSOCIATES, P.C.
260 Peachtree Street, Suite 1200
Atlanta, Georgia 30303
Telephone: (404) 525-9205
Facsimile: (404) 522-0275
Email: dstack@stackenv.com
tsnfif@stackenv.com

*Counsel for Plaintiffs*

For Defendants:

**/s/ Edwin S. Schwartz**
Edwin S. Schwartz
Georgia Bar No. 630137
SWEETNAM & SCHWARTZ, LLC
1200 Ashwood Parkway, Suite 190
Atlanta, Georgia 30338
Telephone: (470) 395-7842
Facsimile: (770) 234-6779
Email: ess@mseslegal.com

*Counsel for Defendants*

For Defendants:

**/s/ Richard A. Horder**
Richard A. Horder
Georgia Bar No. 366750
KAZMAREK MOWREY CLOUD LASETER, LLP
1230 Peachtree Street, Suite 900
Atlanta, GA 30309
Telephone: (404) 812-0843
Facsimile: (404) 812-0845
Email: rhorder@kmcllaw.com

*Counsel for Defendants*